David Nevin (ISB#2280)
Nathan Pittman (ISB#9430)
NEVIN, BENJAMIN & McKAY LLP
303 West Bannock
P.O. Box 2772
Boise, Idaho 83701
Telephone: (208) 343-1000
Facsimile: (208) 345-8274
dnevin@nbmlaw.com
npittman@nbmlaw.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BREK PILLING, )<br>)<br>Defendant. )<br>_____ ) | CASE NO. 4:22-CR-0282-BLW<br><br>**DECLARATION OF DAVID NEVIN IN SUPPORT OF MR. PILLING'S UNOPPOSED MOTION TO VACATE TRIAL DATE AND FOR FINDING OF EXCLUDABLE DELAY** |

I, David Nevin, hereby declare:

1. I am an attorney duly authorized to practice law before this Court. I make the statements contained in this declaration based on my own personal observations.

2. I represent the Defendant, Mr. Brek Pilling. An indictment charging Mr. Pilling with seven counts of failing to follow work practice standards relating to asbestos in February of 2018, was filed on December 14, 2022, and placed under seal. The Indictment was unsealed some three months later, on or about February 15, 2023.

3. Mr. Pilling was arraigned on March 9, 2023 in Pocatello, and released on standard conditions without the requirement of posting an appearance bond. Trial was initially set

for April 24, 2023. On April 12, 2023, the parties stipulated that the trial be reset (Dkt. 24), and on April 13, 2023 the Court entered its Docket Order granting the stipulation and resetting the trial for July 24, 2023, in Pocatello (Dkt. 25).

4. The government has to date provided voluminous discovery, as the parties indicated in their Joint Stipulation to Continue Trial Date of April 12, 2023 (Dkt. 24) at p. 2, para. 1. I have made diligent efforts to review and analyze this discovery, and anticipated that preparation sufficient to permit me to render constitutionally effective assistance of counsel to Mr. Pilling at trial would require at least a full time professional effort until the time of trial on July 24, 2023.

5. A medical emergency related to the health and safety of my 94-year-old stepmother came to a head on June 6, 2023. I am an only child, and my father has passed away. As a result, I am the only person who can provide necessary assistance and care to my stepmother. Her medical emergency has required me to break off preparation for trial for an uncertain period, and travel on short notice to Connecticut where she resides, and where I remain. This is my second such trip in the last 5 weeks. Under the present circumstances I am unable to adequately prepare for trial so as to render constitutionally effective assistance of counsel for Mr. Pilling on the date presently set for trial. Return travel to Idaho has been booked and canceled several times, and is presently set for Thursday, June 22, 2023. I am unable to predict with certainty whether I will actually be able to return to Idaho at that time, or be required to return to Connecticut at a later time, if, as is possible, another emergency arises. I regret that my family situation has created this uncertain situation, and I appreciate the indulgence of the Court and counsel.

6. Counsel for the government and I have spoken on a number of occasions since my emergency arose, and they have advised me that the government does not object to my request to vacate the current trial date.

7. Government counsel advised me of the following as to their availability for a subsequent trial setting: "Mr. Zebari is scheduled to commence trial in the case *United States v. James Butler Ramsey*, 1:19-cr-158-DCN on October 15, 2023. That case involves a RICO prosecution with voluminous discovery and trial is expected to last two to three weeks. Given the complexity of the *Ramsey* case, the Government will be preparing for trial in the six to seven weeks preceding the start date. Because trial in the instant case is expected to last two weeks, the Government requests, if possible, this case be reset for trial beginning August 14, 2023. Further, Mr. Zebari is scheduled to be out of the office on parental leave beginning on or about November 17, 2023 and anticipates returning on or about February 5, 2024. Therefore, if a trial setting in the middle of August is not possible, the Government requests a trial setting in March 2024."

8. At a status conference with the Court and counsel for the parties on June 16, 2023, the Court suggested that if the case were tried in Boise its calendar might accommodate the mid-August date. I advised the Court that Mr. Pilling had requested that trial occur in Pocatello – upon reflection, as to the mid-August date, Mr. Pilling consents to trying the case in Boise. I wish to emphasize, however, that my stepmother's condition continues to be fragile and uncertain. Her doctor has advised me that the next 4-6 weeks will be revealing of her future medical course, and it is entirely possible during this period that I will be required to respond to further emergencies.

9. Since my family situation may also imperil an August trial date, and in view of the undesirability of a long continuance to March of 2024 (complicated by my intention to retire from the practice of law on December 31, 2023), I respectfully request that the Court instead reset the trial to a date between September and December of 2023. This would permit my stepmother's condition to stabilize, and reduce the likelihood that my trial preparation would again be interrupted by a family emergency. While I of course do not question Mr. Zebari's conflicting obligations, I respectfully suggest that the need for a more prompt resolution of the charges against Mr. Pilling, the fact that Ms. Barnum has been involved in the case throughout its pendency, and that Mr. Zebari himself replaced earlier local counsel, suggest that the government could assign a separate AUSA to the case with an eye toward trying the case between September and December of 2023.

10. Mr. Pilling is not in custody and consents to my filing the present motion and declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 20th day of June, 2023.

NEVIN, BENJAMIN & McKAY LLP

/s/ David Z. Nevin
David Z. Nevin

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 20th day of June, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

  United States Attorney's Office
  Cassandra Barnum
  Cassandra.barnum@usdoj.gov
  Francis Zebari
  Frank.zebari@usdoj.gov

          /s/ David Z. Nevin
          David Z. Nevin