UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BREK PILLING,<br><br>Defendant. | Case No. 4:22-cr-00282-AKB<br><br>**MEMORANDUM DECISION AND ORDER GRANTING REQUEST FOR EARLY TERMINATION OF PROBATION** |

Before the Court is Defendant Brek Pilling's Unopposed Motion for Early Release from Probation (Dkt. 109). For the reasons explained below, the Court will grant the motion.

## I. BACKGROUND

Pilling pleaded guilty to negligent endangerment, a misdemeanor violation of 42 U.S.C. § 7413(c)(4), and was sentenced by the Honorable B. Lynn Winmill on August 15, 2024, to five years of probation (Dkt. 109 at 2). Pilling has had no violations while on probation and his probation officer reports that he is fully compliant, has satisfied all the conditions of probation, and is currently maintained on "low risk probation supervision" (Dkt. 109-1 at 1–2). Pilling has completed his three-month period of house arrest and 100 hours of community service, promptly paid the $100,000 fine and $25 special assessment, and paid $350,000 to resolve the Government's related CERCLA action (Dkt. 109 at 2–3; Dkt. 109-1 at 3; Dkt. 109-3 at 1). The Government does not oppose early termination of probation; Pilling's probation officer takes no position (Dkt. 109-1 at 1–2, 4; Dkt. 109-4 at 1).

## II. LEGAL STANDARD

Early termination of probation is governed by 18 U.S.C. § 3564(c), which provides that, after considering the applicable sentencing factors set forth in 18 U.S.C. § 3553(a), the Court may terminate a term of probation "at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony . . . if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014); *see also United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022).

Among the relevant factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant; (3) the applicable sentencing guidelines; (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (5) the need to provide restitution to any victims of the offense. The Court need not, however, "tick off each of the relevant § 3553(a) factors." *Emmett*, 749 F.3d at 822 (citation modified). Neither "exceptionally good behavior" nor "extraordinary circumstances" are a prerequisite to early termination. *See Ponce*, 22 F.4th at 1047.

## III. ANALYSIS

Pilling has served over twenty-four months of his term of probation and, because his conviction is a misdemeanor, is statutorily eligible for termination of his remaining term of probation. Having considered his conduct while on probation, the factors enumerated in § 3553(a), and the purposes of probation, the Court concludes that supervision is no longer necessary for

Pilling's rehabilitation. While the Court recognizes that compliance with the terms of probation is to be expected, the Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Emmett*, 749 F.3d at 819.

As already noted, Pilling has performed very well on probation. He has had no violations, completed his court-ordered house arrest and community service, paid the fine and special assessment, and is classified as low risk (Dkt. 109 at 3; Dkt. 109-1 at 1–2). He also resolved the related CERCLA action by paying $350,000 to the Government (Dkt. 109-1 at 3; Dkt. 109-3 at 1). Further, Pilling continues to perform substantial community service independent of the service ordered by the Court, maintains stable family and business circumstances, and reports that the advance-approval requirements for business travel have caused him to cancel travel on at least six occasions (Dkt. 109-1 at 2–4). Significantly, the Government does not oppose the motion, and Pilling's probation officer is neutral (Dkt. 109-1 at 1–2, 4; Dkt. 109-4 at 1).

Having considered Pilling's conduct while on probation, the factors enumerated in § 3553(a), the purposes of probation, and the interests of justice, the Court concludes that further supervision is no longer necessary for his rehabilitation. The goals of sentencing have been fully met, and termination is consistent with both the conduct of the defendant and the interests of justice.

## IV. ORDER

**IT IS HEREBY ORDERED that**

1. Defendant Brek Pilling's Unopposed Motion for Early Release from Probation (Dkt. 109) is **GRANTED**.

2. The term of probation imposed on August 15, 2024, is terminated effective immediately.

3. The Clerk of Court shall transmit a copy of this Order to the United States Probation Office for appropriate action.

4. The Clerk of Court shall close this matter.

**DATED:** September 03, 2026

Amanda K. Brailsford
U.S. District Court Judge